**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lamont T. MONGER, Defendant–
Appellant.**

No. 98–5446.

United States Court of Appeals,
Sixth Circuit.

Argued: June 15, 1999.

Decided and Filed: July 21, 1999.

Robert L. Abell (argued and briefed), Lexington, Kentucky, for Defendant–Appellant.

Charles P. Wisdom, Jr., Assistant U.S. Attorney (argued and briefed), John M. Compton, Assistant U.S. Attorney (briefed), Lexington, Kentucky, for Plaintiff–Appellee.

Before: MARTIN, Chief Judge; JONES and SUHRHEINRICH, Circuit Judges.

BOYCE F. MARTIN, Jr., Chief Judge.

Lamont T. Monger appeals his conviction and sentence on charges of possession with intent to distribute cocaine base and marijuana. Monger argues that the district court erroneously denied his request for a lesser included jury instruction on simple possession of cocaine base. We agree, and reverse for a new trial.

I.

On June 25, 1997, Police Officers Edward Hart and Jack Roberts recognized Lamont T. Monger as the driver of a 1985 Chevrolet. Officer Hart testified that he recognized Monger because he had received information the week before that Monger's license had been suspended. The officers stopped the vehicle operated by Monger which also contained two other passengers and arrested him for driving on a suspended driver's license. A search incident to the arrest revealed $2,512.00 in cash and 10.66 grams of cocaine base on Monger's person.

A subsequent search of the vehicle uncovered a bag of 1.3 grams of marijuana behind an air conditioning vent and another bag of 2.9 grams of marijuana in the backseat of the vehicle. Officer Hart ad-

mitted at trial that either the front or back seat passenger or anyone else in the vehicle could have placed the marijuana in these locations. The officers also seized a cellular phone from underneath the driver's seat. A further search at the impound lot using a drug dog yielded another bag of 4.8 grams of marijuana from a hidden compartment in the glove box of the vehicle.

Using a warrant, a search of Monger's apartment yielded, among other things, an electronic, battery-operated scale, which one officer testified could be the kind drug dealers often use, and a corner of a plastic bag containing marijuana seeds.[1] Officer Shane Ensminger subsequently conducted a "trash pull" from a community dumpster at the apartment where Monger lived and found a plastic shopping bag containing a dry cleaning receipt with Monger's name on it and a box of Arrow brand sandwich bags, which were missing corners. Officer Hart testified that the number of sandwich bags with missing corners is consistent with the street sale of narcotics because dealers place the narcotics in the corners and seal them.

On August 7, a federal grand jury returned an indictment charging Monger with possession with intent to distribute in excess of five grams of cocaine base (crack cocaine) and possession with intent to distribute marijuana both in violation of 21 U.S.C. § 841(a)(1). The indictment also sought the forfeiture of the $2,512.00 seized at the time of Monger's arrest. A jury convicted Monger on both counts and the district court sentenced him to ten years imprisonment and eight years of supervised release. Monger timely filed a notice of appeal on March 27, 1998. We have proper jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Monger contends that a rational jury could have concluded, based on the evidence, that he possessed the cocaine base and marijuana for his personal use only. Accordingly, he submits that the district court erred by denying his request of a jury instruction on the lesser included offense of simple possession under 21 U.S.C. § 844.

A criminal defendant "is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). We apply an abuse of discretion standard in reviewing a district court's rejection of a request to give a lesser included offense instruction. *United States v. Ursery*, 109 F.3d 1129, 1135 (6th Cir.1997). Furthermore, we have stated that a lesser included offense instruction should be given when: (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) the evidence would support a conviction on the lesser offense; and (4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser. *United States v. Moore*, 917 F.2d 215, 228 (6th Cir.1990) (citing *United States v. Roy*, 843 F.2d 305, 310 (8th Cir.1988)).

In this case, Monger properly and timely requested the instruction, and simple possession of cocaine base is a lesser included offense of possession with the intent to distribute cocaine base.[2] The is-

---

**1.** Steven Scott, the front seat passenger of the vehicle, also resided in the apartment. As a result of the apartment search, the police arrested Scott and charged him with possession of marijuana and drug paraphernalia.

**2.** A violation of 21 U.S.C. § 841(a), possession with intent to distribute, requires: (1) know-

ingly or intentionally, (2) possessing, (3) with the intent to distribute, (4) a controlled substance. A violation of 21 U.S.C. § 844(a), simple possession, requires: (1) knowingly or intentionally, (2) possessing, (3) a controlled substance. *See United States v. Sharp*, 12 F.3d 605, 606 (6th Cir.1993) (finding that

sues, therefore, are whether the district court abused its discretion in determining that there was either inadequate evidence to support a conviction of the lesser offense or whether the element differentiating the two crimes, intent to distribute, was not sufficiently disputed.

First, the evidence presented at trial clearly showed that Monger knowingly possessed a controlled substance, cocaine base. Officers Hart and Ensminger testified that a bag of cocaine base, later determined to weigh 10.66 grams, was found on Monger's person. Furthermore, Monger conceded possession of the cocaine base and defended solely on the issue of intent. Clearly there was sufficient evidence presented at trial to allow the jury to convict Monger of simple possession of cocaine base.

Second, the element differentiating the two crimes, intent to distribute, is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser. The evidence could rationally be taken to show that the 10.66 grams of cocaine base which Monger possessed was consistent with personal use. The government counters that the combination of evidence including the scales used to weigh drugs, the cellular phone, the torn sandwich bag corners used to package drugs, the large amount of cash found on Monger, and the amount of drugs seized indicates drug trafficking and not personal use. However, the government failed to lay an adequate foundation for the admission of the scales and cellular phone, which were used as evidence of drug trafficking. The government did not present any evidence as to who owned or even used the cellular phone. Also, the jury did not hear any evidence as to the amounts capable of being weighed by the scales. We also note the fact that the scales were found in an apartment Monger shared with others, one of whom was later arrested on drug charges, and the fact that the sandwich bags with missing corners were re-

covered in a community dumpster. Moreover, Officer Hart testified that the drugs could have been for personal use or for distribution, but that he did not know Monger's intent. Based on these facts, a rational jury could have found that the cocaine base and marijuana were for personal use and not for sale, and therefore the district court denied him a fair trial when it excluded the instruction for simple possession.

■ Moreover, a district court is not to weigh the evidence in determining whether to give a lesser included offense charge. The Supreme Court has made it clear that, regardless of the weight of the evidence, the defendant is entitled to such a charge if the evidence would allow a rational jury to convict him of the lesser offense and acquit him of the greater. *Keeble*, 412 U.S. at 208, 93 S.Ct. 1993. The test is not unlike that prescribed in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), for reviewing the sufficiency of the evidence to support a criminal conviction: the "question is whether ... any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. 2781.

Finally, we note that the government offered no direct evidence that Monger actually distributed cocaine base. The government is entitled to rely on circumstantial evidence in attempting to prove an intent to distribute, but on the facts presented here it would be an abuse of discretion to preclude the jury from finding the defendant guilty of nothing more than simple possession.

### III.

Because the district court abused its discretion when it refused to instruct the jury on the lesser included offense of simple possession, we must next determine whether this error is subject to harmless-

---

simple possession is a lesser included offense

of possession with intent to distribute).

error analysis. Recently, in *Neder v. United States*, —— U.S. ——, 119 S.Ct. 1827, 1832, 144 L.Ed.2d 35 (1999), the Supreme Court reexamined the harmless-error rule and stated that:

> Rule 52(a) of the Federal Rules of Criminal Procedure, which governs direct appeals from judgments of conviction in the federal system, provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Although this Rule by its terms applies to all errors where a proper objection is made at trial, we have recognized a limited class of fundamental constitutional errors that "defy analysis by 'harmless error' standards." *Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *see Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Errors of this type are so intrinsically harmful as to require automatic reversal (*i.e.*, "affect substantial rights") without regard to their effect on the outcome. For all other constitutional errors, reviewing courts must apply Rule 52(a)'s harmless-error analysis and must "disregar[d]" errors that are harmless "beyond a reasonable doubt." *Id.* at 24, 87 S.Ct. 824.

In *Neder*, the Supreme Court determined that the district court's omission of an element of the offense from the jury instruction did not fall within the limited category of constitutional errors that "defy analysis by 'harmless error' standards." *See id.* (internal citations omitted). Rather, the Supreme Court expanded the use of the harmless-error rule to encompass a court's failure to instruct the jury on an element of the offense and held this error to be harmless. *See id.* at ——, 119 S.Ct. at 1838.

■ However, the evidence at trial in this case does not warrant the use of the harmless-error rule. Instead, the district court's failure to instruct the jury on the lesser included offense of simple possession was an intrinsically harmful structural error which requires us to reverse. *See Sullivan v. Louisiana*, 508 U.S. 275, 281,

113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (holding a defective reasonable-doubt instruction not subject to harmless-error analysis because it "vitiates all the jury's findings"). Such an error "infect[s] the entire trial process, and necessarily render[s] a trial fundamentally unfair." *Neder*, 119 S.Ct. at 1833 (internal citations omitted). Unlike *Neder*, we find that Monger was denied his constitutional right to a fair trial. Instead of omitting one element of an offense as in *Neder*, the district court in this case refused to instruct the jury on the entire offense of simple possession. This placed the jury in a difficult position because Monger had conceded culpability on the issue of simple possession. Thus, the jury could either accept Monger's defense that he did not intend to distribute and acquit him knowing he was guilty of possession or convict him of possession with intent to distribute. As the Supreme Court has explained:

> [I]f the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if *no* lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction ... precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.

*Keeble*, 412 U.S. at 212–13, 93 S.Ct. 1993. *Keeble* illustrates what possibly happened in this case. Because of this possibility, we find that the district court's refusal to instruct the jury on the lesser included offense of simple possession is an intrinsically harmful constitutional error that warrants a new trial.

We therefore reverse for a new trial.