**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronnie E. BULLARD, Jr.,**
**Defendant–Appellant.**

**No. 01–5703.**

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2002.

Before GUY, SILER, and BATCHELDER, Circuit Judges.

*ORDER*

Ronnie E. Bullard appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

A jury convicted Bullard of possession of cocaine base with the intent to distribute it and distribution of cocaine base, violations of 21 U.S.C. § 841(a)(1). He was sen-

tenced to 360 months of imprisonment to be followed by eight years of supervised release.

In his timely appeal, he argues that the evidence was insufficient to support his convictions.

Sufficient evidence to support a conviction exists if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hilliard v. United States*, 157 F.3d 444, 447 (6th Cir.1998). In assessing the sufficiency of the evidence, the court does not weigh the evidence or assess the credibility of the witnesses. *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.1995).

To prove that a defendant distributed cocaine, the government must show: (1) that the defendant intentionally distributed cocaine and (2) that he knew that the substance was cocaine. *United States v. Colon*, 268 F.3d 367, 376 (6th Cir.2001). To convict on a charge of possession with the intent to distribute, and government must prove that the defendant: (1) knowingly, (2) possessed a controlled substance, (3) with the intent to distribute it. *United States v. Christian*, 786 F.2d 203, 210 (6th Cir.1986).

The trial transcript contains damning evidence from several sources that Bullard sold a twenty-dollar rock of crack cocaine to an undercover Chattanooga, Tennessee, police officer. Shortly after the sale, other officers entered the vacant house where Bullard had retrieved the cocaine and found 31.1 grams of cocaine base inside. Bullard was carrying $600 in cash when he was arrested, including the marked $20 bill the undercover officer had given him.

Bullard argues that the evidence was insufficient for three reasons: (1) there was no direct evidence that he possessed the cocaine recovered from the vacant house, (2) scientific tests could have revealed the cocaine he sold was chemically distinct from that recovered in the vacant house, and (3) the police officer who purchased the cocaine was unable to get a good look at him for identification purposes. Each contention is meritless.

First, the Government needed only to prove either that Bullard actually possessed the cocaine or that he constructively possessed it. *United States v. Welch*, 97 F.3d 142, 150 (6th Cir.1996). Weighty direct evidence showed that Bullard had actual possession of part of the cocaine and weighty circumstantial evidence showed that he had constructive possession of the remainder.

Second, Bullard's chemical-composition argument also fails. "So long as the government produces sufficient evidence, direct or circumstantial, from which the jury is able to identify the substance beyond a reasonable doubt, the lack of scientific evidence is not objectionable." *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994). Much like the drive-through window of a fast food restaurant, Bullard took the officer's request for twenty dollars worth of crack cocaine, disappeared into the vacant house, and returned with the officer's precise order. A razor blade was recovered in the house. A reasonable jury could infer on the evidence presented that Bullard prepared his crack sales to order from the rock of cocaine inside the house.

Finally, Bullard's misidentification contention fails in the light of the weighty testimonial evidence of the police officers who bought the cocaine from him or arrested him immediately after the sale.

Accordingly, we affirm the district court's judgment.