**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan JONES, Defendant–Appellant.**

No. 02–1351.

United States Court of Appeals,
Sixth Circuit.

Nov. 12, 2003.

Jennifer J. Peregord, Sarah Resnick Cohen, Detroit, MI, for Plaintiff–Appellee.

Richard M. Helfrick, David C. Tholen, Detroit, MI, for Defendant–Appellant.

Juan Jones, Milan, MI, pro se.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

KEITH, Circuit Judge.

Defendant–Appellant Juan Jones ("Jones") appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Jones alleges that there was insufficient evidence for a jury to find him guilty beyond a reasonable doubt. For the reasons set forth below, we **AFFIRM** Jones's conviction.

## I. BACKGROUND

On March 21, 2001, three officers of the Narcotics Bureau of the Detroit Police Department executed a search warrant at 4473 18th Street in Detroit, Michigan. The search warrant was predicated upon an undercover purchase of cocaine at the address and law-enforcement observation of heavy foot traffic at the address. At approximately 5:30 pm, the three officers, Sergeant Alphonso Mitchell ("Sergeant Mitchell"), Officer Robert Gerak ("Officer Gerak"), and Officer Darrell Jones ("Officer Jones") led the entry into the house. Sergeant Mitchell, who was in charge of executing the search warrant, approached the house, knocked on the door, and announced the police presence. After receiving no response, Sergeant Mitchell ordered that the door be opened. Officer Gerak opened the unlocked door and entered the house. Officer Jones and Sergeant Mitchell followed. Officer Gerak

and Officer Jones saw Jones with a firearm when they entered the residence. When Sergeant Mitchell entered the living room, he saw Jones's arm stretched forward toward the couch and saw him pull his hand away from the couch. Officer Jones arrested Jones and retrieved a loaded Ruger semi-automatic pistol from underneath the couch. When Officer Jones searched Jones, as a search incident to arrest, he found a plastic bag containing 11.32 grams of crack cocaine in the breast pocket of Jones's jacket. The officers also found a digital scale and zip-lock bags, which the officers determined were drug paraphernalia.

On June 21, 2001, a grand jury returned a one-count indictment charging Jones with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On October 9, 2001, Jones proceeded with a jury trial. On October 12, 2001, after the jury was unable to reach a verdict following three days of deliberation, the district court declared a mistrial.

On November 8, 2001, a grand jury returned a two-count superseding indictment charging Jones with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On November 9, 2001, the Government filed a penalty enhancement information, pursuant to 21 U.S.C. § 851, based upon Jones's two prior drug convictions.

On December 6, 2001, Jones began his second jury trial. The jury returned a guilty verdict on both counts of the su-

perseding indictment. On March 13, 2002, the district court conducted a sentencing hearing and accepted the guideline calculations in the Presentence Report. The district court sentenced Jones to 120 months imprisonment for the felon in possession of a firearm count and 360 months imprisonment for the possession with intent to distribute cocaine count, to be served concurrently. Jones was also sentenced to a supervised release term of three years for count one and five years for count two, to be served concurrently.

Jones now appeals his conviction for being a felon in possession of a firearm and for possession with intent to distribute cocaine. Jones argues that there was insufficient evidence for the jury to find him guilty beyond a reasonable doubt for either charge.[1]

## II. DISCUSSION

### A. Standard of Review

Jones asserts that there was insufficient evidence for the jury to return a guilty verdict for both counts of the superseding indictment. Pursuant to Federal Rule of Criminal Procedure 29, in order to appeal a conviction based on insufficient evidence, a defendant must move for judgment of acquittal during the trial or within seven days after the jury is discharged. FED. R.CRIM. P. 29; *United States v. Horry*, 49 F.3d 1178, 1179 (6th Cir.1995). A defendant's failure to make such a motion constitutes a waiver of the right to challenge the sufficiency of the evidence on appeal absent a manifest miscarriage of justice. *United States v. Morrow*, 977 F.2d 222,

---

1. Jones also argues on appeal that his trial counsel was ineffective. This court, however, will generally not address claims of ineffective assistance of counsel on direct appeal. *United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir.1998). Such claims "are best brought by a defendant in a post-conviction proceeding

under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir.1992). Therefore, at this time, this court will abstain from reviewing any claims regarding ineffective assistance of counsel.

230 (6th Cir.1992). "A 'miscarriage of justice' exists only if the record is 'devoid of evidence pointing to guilt.' " *United States v. Price*, 134 F.3d 340, 350 (6th Cir.1998) (citation omitted). Because Jones failed to move for judgment of acquittal for insufficiency of the evidence at any time in the proceedings, we review Jones's conviction for a manifest miscarriage of justice.

## B. Felon in Possession of a Firearm

■ Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful for any felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition." To convict a defendant under § 922(g)(1), the Government must prove beyond a reasonable doubt that: (1) the defendant had a previous felony conviction; (2) the defendant possessed a firearm; and (3) the firearm had traveled in or affected interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Layne*, 192 F.3d 556, 571–72 (6th Cir.1999) (citation omitted). Jones and the Government entered into a stipulation establishing the first and third elements. Jones agreed that, prior to March 21, 2001, he had been convicted of a felony offense. Jones also agreed that the firearm, which the officers seized on March 21, 2001, was not manufactured in the State of Michigan and, therefore, traveled in and affected interstate commerce. Jones, however, argues that there was insufficient evidence to establish the second element. He claims that the only evidence linking him to the firearm was the testimony of Officer Gerak and Officer Jones, both of whom testified that they observed Jones with a firearm when they entered the house. He claims that Sergeant Mitchell testified that he did not see Jones with any firearm when he entered the house. Furthermore, he argues that Jelani Brown, who was with Jones when the police entered the house, testified that he did not see a firearm in Jones's hands and that the police did not mention a firearm until they searched the residence. Moreover, there were no fingerprints linking Jones to the firearm.

Contrary to Jones's allegations, the record is not devoid of evidence pointing to guilt. Officer Gerak and Officer Jones testified that they saw Jones place a gun underneath the couch. Sergeant Mitchell testified that he saw Jones pull his hand away from the couch. When Officer Jones searched the couch where Jones was sitting, he retrieved a loaded firearm. Where such evidence is present establishing guilt, it does not amount to manifest miscarriage of justice.

## C. Possession with Intent to Distribute Cocaine

■ Pursuant to 21 U.S.C. § 841(a)(1), it is unlawful for any person to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." To convict a defendant under § 841(a)(1), the Government must prove beyond a reasonable doubt that: (1) the defendant possessed the controlled substance described in the indictment; (2) the defendant knew the substance was a controlled substance; and (3) the defendant intended to distribute the controlled substance. 21 U.S.C. § 841(a)(1); *United States v. Monger*, 185 F.3d 574, 576–77 (6th Cir.1999). Jones alleges that there was insufficient evidence to establish the third element. Jones argues that the only evidence establishing an intent to distribute was Officer Jones's testimony. Officer Jones testified that he found 11.32 grams of crack cocaine on Jones and that this amount of drugs is consistent with distribution rather than personal use.

Again, contrary to Jones's allegations, the record is not devoid of evidence pointing to guilt. First, Officer Gerak testified that the search warrant was predicated upon drug trafficking at the residence. Second, the district court qualified Officer Jones as an expert in drug trafficking and he testified that, based upon his training and experience, the cocaine recovered was typical of distribution rather than personal use. Officer Jones explained that a single use of crack cocaine is typically between .1 and .2 grams. The officers, however, recovered 11.32 grams of crack cocaine on Jones's person, which has a street value of over $1,000. Officer Jones further opined that the manner in which the cocaine was packaged, in a knotted plastic bag, was consistent with drugs that are distributed rather than retained for personal use. Finally, Officer Jones testified that the presence of a digital scale and zip-lock bags in the house suggested that Jones intended to distribute the crack cocaine. The record was certainly not devoid of evidence that Jones intended to distribute the cocaine and, therefore, there was not a manifest miscarriage of justice.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** Juan Jones's conviction.

