**NOT RECOMMENDED FOR PUBLICATION**
File Name: 14a0526n.06

No. 12-5381

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 17, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WILLIAM TALLEY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before: BOGGS and CLAY, Circuit Judges, and COHN, District Judge.[*]

BOGGS, Circuit Judge. On August 10, 2006, William Talley was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He was acquitted on one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Talley was sentenced to 262 months of imprisonment based, in part, on his status as a career offender under U.S.S.G. § 4B1.1. This court affirmed his conviction and sentence, *United States v. Talley*, No. 06-6432 (6th Cir. 2007), and the Supreme Court denied his petition for a writ of certiorari. Talley subsequently filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied relief on all claims but this court granted a Certificate of Appealability, as well as Talley's motion to proceed in forma pauperis on appeal,

---

[*] The Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation.

with respect to the one issue now before the panel: whether Talley's appellate counsel was ineffective for failing to appeal the district court's denial of a jury instruction on the lesser included offense of simple possession. We affirm.

# I

In the course of a traffic stop not at issue in this appeal, police officers observed "silver scales" and "plastic baggies" protruding from the back pocket of the front passenger seat and "the handle of a silver pistol" sticking out from underneath the driver's seat of the car that Talley was driving. In a search of Talley's person, the officers discovered 1.9 grams of cocaine base, divided into seven individually wrapped bags, and $177 in cash. They also discovered a bag containing 3.5 grams of marijuana, a pair of tweezers, a digital camera, and a cellphone.

At trial, Talley testified that he had the digital scales with him in order to "weigh things up." He also testified that he had planned to head to a nightclub with a "lady friend" and that the seven bags of cocaine base were for personal use: "Well, I make a little special drink of mine, I put the rocks in my liquor so I can have energy." Talley denied ownership or knowledge of the firearm and marijuana.

Before deliberations began, Talley, through counsel, requested a jury instruction on simple possession of marijuana and cocaine. The district court denied the request for a separate instruction but agreed to include in the instructions a section on "defendant's theory of the case" immediately following a recitation of the indictment. That section read, in relevant part: "Mr. William Talley admits that he was in possession of cocaine base for personal use. He asserts that he is not guilty of possession of cocaine base with intent to distribute." The court explained its rationale as follows:

> I really think you [defense counsel] have got it well covered, otherwise I'm asking
> the jury to consider a charge that the government didn't make. They could, but if

2

they buy the defendant's theory, they will simply find the defendant not guilty, which would leave us with direct resolution of the issues brought before the jury, and so I am going—it is in the court's discretion, I think that with the statement that we're going to submit to the jury as to the theory, I think they will be fine. I'm going to overrule the request for the additional charge on simple possession. I think it would be a little confusing. It is obviously not in the indictment. It's not necessary when you consider this.

As mentioned, the jury convicted Talley on one count of being a felon in possession of a firearm and on one count of possession with intent to distribute cocaine; it acquitted Talley of possession with intent to distribute marijuana. Talley's counsel filed an appellant brief consistent with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as counsel, and Talley filed an additional appellant brief pro se. Talley's counsel did not appeal the district court's decision not to include an instruction for the lesser included offense of simple possession of cocaine. Her decision not to do so is the subject of this § 2255 motion.

## II

We review de novo the district court's denial of a motion to vacate under 28 U.S.C. § 2255, but we review the district court's factual findings for clear error. *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012). To prevail under § 2255, a defendant "must show a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citations and quotation marks omitted).

"Ineffective assistance of counsel claims are mixed questions of law and fact, which we also review de novo." *Campbell*, 686 F.3d at 357 (citations and quotation marks omitted). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), "to prevail on an ineffective-assistance claim, defendants must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's

3

unprofessional errors, the result of the proceeding would have been different." *Id.* (citations and quotation marks omitted). We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (citations and quotation marks omitted).

Finally, a defendant is entitled to a jury instruction on a lesser included offense if: "(1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) the evidence would support a conviction on the lesser offense; and (4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser." *United States v. Colon*, 268 F.3d 367, 373 (6th Cir. 2001). On direct appeal, a district court's denial of a request for a lesser-included-offense jury instruction is reviewed for abuse of discretion. *Id.*

### III

### A

For Talley to be entitled to relief, we would first have to conclude that Talley's counsel acted in an objectively unreasonable manner in failing to appeal the district court's denial of the requested jury instruction. We hold that the conduct of Talley's counsel was not objectively unreasonable because Talley was not entitled to the requested instruction in the first place.

Talley was not entitled to the lesser-included-offense instruction because a) the evidence would not have supported a conviction for simple possession (factor 3) and b) the proof was not sufficiently disputed to allow for a conviction for possession but not possession with intent to distribute (factor 4). Talley was found with a set of digital scales, a loaded firearm, seven individually wrapped bags of cocaine base, additional small plastic bags, and $177 in cash. Collectively, these items constitute powerful circumstantial evidence of intent to distribute. In

4

addition, Talley's explanation that the cocaine was for personal use and that he had the scales "[t]o weigh things up," is not persuasive, and Talley offered no explanation for having the extra plastic bags, why he needed seven individually wrapped bags of cocaine for personal use, what he needed to "weigh up," or why he had the loaded gun and the marijuana in the car (both of which he denied being aware of). Talley's counsel did not act unreasonably in failing to appeal the denial of an instruction to which Talley was not entitled.

Talley cites *United States v. Monger*, 185 F.3d 574 (6th Cir. 1999), in support of his claim that he was entitled to the lesser-included-offense instruction. In that case, the government argued "that the combination of evidence including the scales used to weigh drugs, the cellular phone, the torn sandwich bag corners used to package drugs, the large amount of cash [$2,512.00] found on Monger, and the amount of drugs seized [10.66 grams of cocaine base and a total of around 9 grams of marijuana] indicates drug trafficking and not personal use." *Monger*, 185 F.3d at 577. Nevertheless, this court held that "a rational jury could have found that the cocaine base and marijuana were for personal use and not for sale, and therefore the district court denied [the defendant] a fair trial when it excluded the instruction for simple possession." *Id.*

*Monger* pushes the limits of the right to a lesser-included-offense instruction, particularly given the deferential standard of review that we apply to jury instructions on direct appeal and in view of the large quantities of drugs and cash that were discovered in that case. Regardless, this case is distinguishable from *Monger*. In *Monger*, the cocaine was found in one bag, the scales were found in Monger's apartment (which he shared with others), and the sandwich bags were found in the apartment building's "community dumpster." *Id.* at 576. Here, Talley was found with seven bags of cocaine, digital scales, additional plastic bags, and a loaded firearm all with

5

him in the car that he was driving. Where Talley offered an explanation for having those items with him, his explanation was not believable. Talley was not entitled to an instruction on the lesser included offense of simple possession.

Even if we were to conclude otherwise, however, we would not find that counsel's performance was objectively unreasonable. Since the district court agreed to include an instruction on the defense's "theory of the case," the need for the lesser-included-offense instruction was substantially diminished. As explained earlier, the district court expressly told the jury that it must acquit Talley if it found that he possessed cocaine for personal use. The jury instructions thus effectively addressed Talley's concern that he might be convicted of possession with intent to distribute even if the jury believed that he was guilty of possession only.

**B**

Not only was the performance of Talley's counsel not objectively unreasonable, but it is also highly unlikely that, had she appealed the denial of the requested instruction, "the result of the proceeding would have been different." First, the denial would have been reviewed for abuse of discretion, and it seems doubtful that the panel on appeal would have concluded on this evidence that the district court abused its discretion in denying the requested instruction. Second, in view of the instructions that were actually given, there is little risk that the jury was either confused or conflicted as to whether to convict for intent to distribute if it found Talley guilty of possession only. Indeed, the jury acquitted Talley of possession with intent to distribute marijuana. The evidence of Talley's intent to distribute cocaine was strong and was not consistent with the crime of mere possession. As a result, it is highly unlikely that the outcome of the proceeding would have been different had Talley's counsel appealed the district court's decision.

6

**IV**

We AFFIRM the decision of the district court denying collateral relief.