NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0550n.06

No. 25-5003

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Dec 01, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| CORDELL JOHNSON-JEFFERSON, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: SILER, KETHLEDGE, and MATHIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Cordell Johnson-Jefferson pled guilty to possessing a firearm as a felon. He now appeals his sentence, arguing that the district court erred when it applied a four-level enhancement, under the sentencing guidelines, for possessing a firearm in connection with another felony offense. We affirm.

In December 2023, investigators learned that Johnson-Jefferson was trafficking drugs from a house in Walton, Kentucky. For almost two months, they surveilled the house, tracked his car, and questioned his associates. In late January 2024, officers stopped his car and arrested Johnson-Jefferson for driving with a suspended license. His girlfriend told officers at the scene that, moments before, Johnson-Jefferson had unbuttoned her pants and ordered her to hide a bag of drugs in her vagina. She produced a bag that contained cocaine, crack, white fentanyl, brown fentanyl, a fentanyl pill, two clonazepam pills, and 32 gabapentin pills.

That night, officers searched Johnson-Jefferson's residence (which was his girlfriend's house). In the bedroom, they found the following: a revolver; a loaded pistol in a crossbody bag;

marijuana; an untested white powdery substance; and drug paraphernalia, including a box of plastic baggies. Meanwhile, Johnson-Jefferson admitted to officers that he knew about the guns and that he had bought and sold drugs in Ohio and Kentucky. He also described in detail the drugs that he made his girlfriend hide.

A grand jury indicted Johnson-Jefferson for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He pled guilty. His presentence report recommended three enhancements and a reduction for acceptance of responsibility. The district court sustained his objections to two enhancements, but it overruled his objection to a four-level enhancement for possessing a firearm in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B) (2024). The court sentenced Johnson-Jefferson to 105 months in prison. This appeal followed.

We review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Baker*, 976 F.3d 636, 641 (6th Cir. 2020).

Johnson-Jefferson argues that the government did not show by a preponderance that he engaged in felony drug trafficking. Here, the district court needed to find only that Johnson-Jefferson had trafficked "any quantity of" cocaine or fentanyl in Kentucky. Ky. Rev. Stat. § 218A.1412(1), (3). Ample evidence supported the court's finding that he had. Johnson-Jefferson admitted that he sold drugs in Kentucky; he admitted that he owned the bag of cocaine and fentanyl he made his girlfriend hide; his associate told investigators that he and Johnson-Jefferson regularly sold drugs together; and investigators found in Johnson-Jefferson's trash numerous plastic baggies with their corners cut—a typical sign of drug trafficking. *See, e.g.*, *United States v. Monger*, 185 F.3d 574, 576 (6th Cir. 1999).

Johnson-Jefferson also argues that the government did not show by a preponderance that he possessed the revolver and pistol found in his bedroom "in connection with" drug trafficking.

But his guns were only feet away from his marijuana and drug paraphernalia, which gave the district court good reason to conclude that the guns were connected to his drug-trafficking activities. *See* U.S.S.G. § 2K2.1 cmt. n.14(B)(ii) (2024); *United States v. Crump*, 65 F.4th 287, 300–01 (6th Cir. 2023). The district court therefore properly applied the enhancement.

Johnson-Jefferson last argues that, at the sentencing hearing, the district court did not identify the particular drug-trafficking offense that furnished the predicate for the § 2K2.1 enhancement. Although Johnson-Jefferson was entitled to reasonable notice of the relevant felonious conduct, the court was not required to cite statutory subsections or pages from his presentence report. *See, e.g.*, *United States v. Angel*, 576 F.3d 318, 321 n.2 (6th Cir. 2009). At sentencing, the court identified Johnson-Jefferson's other offense as "drug trafficking," which is a felony under Kentucky law. Ky. Rev. Stat. § 218A.1412. And by the time of his sentencing, Kentucky had charged him with trafficking cocaine and fentanyl. His presentence report acknowledged that charge. Johnson-Jefferson thus knew exactly what drug-trafficking offense served as the predicate for his § 2K2.1 enhancement.

The district court's judgment is affirmed.