NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0243n.06

No. 09-5005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 18, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MELANI BURLESON,

     Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

**OPINION**

Before:     KENNEDY, BOGGS, and SUTTON, Circuit Judges.

**CORNELIA G. KENNEDY, Circuit Judge.** Defendant-Appellant Melani Burleson confronted two tellers with a loaded handgun at a bank in Gadsden, Tennessee. She pleaded guilty in the United States District Court for the Western District of Tennessee to attempted armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The district court sentenced her to 110 months' imprisonment followed by 5 years of supervised release and ordered her to pay a $200 special assessment. Burleson now appeals her sentence, arguing that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(A) by failing to verify at sentencing that she had an opportunity to review her presentence investigation report ("PSR") with her attorney. Because no objection was made at sentencing, we review this claim for plan error. *See United States v. Tate*, 516

F.3d 459, 465-66 (6th Cir. 2008). Burleson cannot establish that the alleged violation of Rule 32(i)(1)(A) affected her substantial rights, and we therefore **AFFIRM**.

Rule 32(i)(1)(A) provides that, at sentencing, the district court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). A district court's noncompliance with Rule 32(i)(1)(A) merits reversal, *see United States v. Mitchell*, 243 F.3d 953, 955 (6th Cir. 2001) (holding that a district court must literally comply with Rule 32(c)(3)(A), a precursor to Rule 32(i)(1)(A)), but we review for plain error when a defendant fails to object to a Rule 32(i)(1)(A) violation when given the opportunity at sentencing, *Tate*, 516 F.3d at 464, 465-66 (citing *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004)). The district court asked at the conclusion of Burleson's sentencing hearing if there were "any other matters or objections [it] failed to address on behalf of the defendant," to which defense counsel requested only that the district court recommend Burleson be allowed to serve her sentence close to her family in Texas. [Sentencing Hr'g Tr. 91-92, Dec. 19, 2008, ECF No. 71.] Therefore, Burleson must show that the district court committed plain error by failing to follow Rule 32(i)(1)(A), that is, she must show an "error" that is "clear or obvious," that "affected [her] substantial rights," and that "'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)); *see also* Fed. R. Crim. P. 52(b).

To satisfy Rule 32(i)(1)(A), "[a] trial judge need not expressly ask the defendant if [s]he and h[er] counsel have read and discussed the report; instead, 'the court need only *somehow* determine that defendant and counsel have had an opportunity to read and discuss the [presentence report].'"

*United States v. Osborne*, 291 F.3d 908, 910 (6th Cir. 2002) (alteration in original) (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)).  While the district court confirmed that Burleson's attorney had no objections to the PSR, [*see* Sentencing Hr'g Tr. 22,] it did not inquire directly whether Burleson and her attorney had read and discussed the PSR; Burleson claims that the record does not otherwise demonstrate that she had the opportunity to review the PSR with counsel. The record certainly could have been clearer on this point, but our review of the sentencing hearing transcript does not necessarily reveal a violation of Rule 32(i)(1)(A).  Defense counsel discussed at length the facts contained in the "offender characteristics" section of the PSR and indicated that Burleson did not object to the PSR's recommended guidelines calculation or its recitation of the facts underlying Burleson's current conviction and criminal history.  *Compare* Sentencing Hr'g Tr. 59, Dec. 19, 2008, ECF No. 71 ("[W]e don't object to the calculations [in the PSR] *per se*. . . . We don't dispute that th[e] events [underlying the conviction] happened as they're set forth in the report."), *and id.* at 60 (noting that "[Burleson] obviously does not dispute the theft from her Texas employer" recounted in the PSR), *with United States v. Jeross*, 521 F.3d 562, 586-87 (6th Cir. 2008) (concluding that "the district court had ample grounds on which to determine that [defendant] and his counsel had had the opportunity to review and discuss his PSR" when, at sentencing, parties discussed a downward departure set forth in the PSR, defense counsel indicated that he had discussed with defendant objections to certain information contained in the PSR, defense counsel explained that defendant understood the sentence recommended in the PSR, and defense counsel confirmed that defendant had "withdrawn and waived all objections to the presentence investigation report in this matter" (internal quotation marks omitted)).

No. 09-5005
*United States v. Burleson*

However, even if the district court committed an obvious error by failing to comply with Rule 32(i)(1)(A), Burleson cannot demonstrate that such an error affected her substantial rights. Normally, in order "to satisfy the 'affecting substantial rights' prong of Rule 52(b)," a defendant "must make a specific showing of prejudice" *Olano*, 507 U.S. at 735, meaning that a defendant must "demonstrate that [the error] 'affected the outcome of the district court proceedings,'" *Puckett*, 129 S. Ct. at 1429 (quoting *Olano*, 507 U.S. at 734). Though Burleson claims that the district court's failure to confirm that she had reviewed the PSR with her attorney "preclude[d] her from full, active participation in her sentencing," [Appellant's Br. 13,] she does not allege how this may have affected the outcome of her sentencing. She does not dispute the facts presented in the PSR or otherwise allege that she was sentenced based on inaccurate information. *See Stevens*, 851 F.2d at 143 (identifying the interest protected by Rule 32(a)(1)(A), a precursor to Rule 32(i)(1)(A), as "a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information"). Indeed, she does not even claim that she in fact was unable to read and discuss the PSR with her attorney. *Cf. Tate*, 516 F.3d at 466 (noting that defendant had stated during his sentencing hearing that he had not read the PSR). Therefore, Burleson cannot establish that the district court's alleged violation of Rule 32(i)(1)(A) "affected [her] substantial rights,"[1] let alone that

---

[1]The Supreme Court has left open the possibility that "'structural' errors—those that affect 'the framework within which the trial proceeds'—automatically satisfy the third prong of the plain-error test." *Puckett*, 129 S. Ct. at 1432 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)). Burleson does not argue that a violation of Rule 32(i)(1)(A) constitutes structural error, and we find no basis for considering it as such. "[P]rocedural errors at sentencing . . . are routinely subject to harmlessness review." *Id.* (citing *United States v. Teague*, 469 F.3d 205, 209-10 (1st Cir. 2006)).

it "'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *See*

*Puckett*, 129 S. Ct. at 1429 (quoting *Olano*, 507 U.S. at 536).

For the foregoing reasons, the district court did not plainly err by failing to ask Burleson if

she had an opportunity to review her PSR with her attorney, and we **AFFIRM** her sentence.