RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0260p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
                                        *Plaintiff-Appellee,*

                                                                    No. 11-5194
          *v.*

JAMES LAPOINTE,
                                        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 09-00141-010—Robert Leon Jordan, District Judge.

Argued: February 28, 2012

Decided and Filed:  August 13, 2012

Before:  MERRITT and ROGERS, Circuit Judges; POLSTER, District Judge.[*]

_____

### COUNSEL
_____

**ARGUED:** Jonathan Harwell, HARWELL AND HARWELL, P.C., Knoxville, Tennessee, for Appellant.  Alexandra Hui, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Jonathan Harwell, Ralph E. Harwell, HARWELL AND HARWELL, P.C., Knoxville, Tennessee, Russell T. Greene, Knoxville, Tennessee, for Appellant.  Alexandra Hui, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

### OPINION
_____

MERRITT, Circuit Judge.  A jury convicted Defendant James LaPointe of (1) conspiring to distribute or conspiring to possess with the intent to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (2) attempting to possess

_____

[*]The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

oxycodone with the intent to distribute in violation of 21 U.S.C. § 846. He now appeals. On the first count, LaPointe claims that he should have received an instruction on the lesser-included offense of conspiracy to possess oxycodone, a misdemeanor. On the second count, he claims that the prosecution failed to prove that he took a "substantial step" towards possession. He received a sentence of 63 months on each count to run concurrently. We affirm the conviction on Count II, but we reverse and remand for a new trial on Count I because LaPointe was improperly denied an instruction on a lesser-included offense.

## I. Background

LaPointe was part of an oxycodone trafficking organization from the summer of 2009 until his arrest on October 27, 2009. During that time, Lance Barabas shipped oxycodone pills from Tampa, Florida, to Knoxville, Tennessee, where Dustin Wallace received them and organized their distribution throughout Knoxville. Wallace fronted most of the oxycodone pills to his distributors with the understanding that they would repay him with the proceeds from future sales to users. Once he received the proceeds of those sales, Wallace paid Barabas in Tampa. He also retained a few pills to sell directly to users. These direct sales were completed with cash and never on credit.

The United States' theory on Count I was that LaPointe acted as a low-level distributor, receiving oxycodone from Wallace and selling it to end users. The Drug Enforcement Agency introduced conversations, recorded from Wallace's phone, between LaPoine and Wallace. During these calls, LaPointe requests drugs from Wallace, discusses possible customers for oxycodone, and occassionally offers to sell Oxycontin pills to Wallace. Wallace and another distributor, Will Kaman, testified at trial, substantially corroborating the recorded calls. In addition, both witnesses stated that LaPointe sometimes bought pills multiple times a day and that each had witnessed him distributing pills to his girlfriend and her sister. LaPointe denied any role in the oxycodone-distribution conspiracy. He claims that the phone calls recorded him deceiving Wallace into giving him pills on credit. LaPointe asserts that he needed large quantities of oxycodone to assuage severe pain from prior injuries and did not always

have the cash to pay for the drugs immediately. The offers to sell pills to Wallace were, assertedly, an effort to develop a more complex, believable ruse. His defense at trial was that all his actions were merely aimed at possessing oxycodone for personal use.

One specific incident forms the factual basis for Count II of the indictment. In October 2009, Wallace asked LaPointe to receive a package of oxycodone. LaPointe, who owns an integrated security business, agreed but proposed that Wallace send the package to his office, rather than to his home. LaPointe promised to be at his office when the package arrived and repeatedly provided Wallace with the address. Law enforcement prevented LaPointe from fulfilling his promise and arrested him at home, before he left for his office, on October 27, 2009. While executing a search of LaPointe's office, officers observed UPS deliver a package containing oxycodone.

The prosecution charged and indicted LaPointe on two counts. In the first count, the indictment charged two theories conjunctively, "conspiracy to distribute" and "conspiracy to possess with intent to distribute":

> 1. The defendant did "conspire . . . to commit violations of Title 21 United States Code § 841(a)(1) . . . to knowingly . . . distribute and possess with intent to distribute . . . a detectable amount of oxycodone . . . and a quantity of a mixture and substance containing a detectable amount of marijuana . . . ."
> 2. The second count charged that the defendant did "knowingly . . . attempt to possess with intent to distribute a quantity . . . of oxycodone . . . ."

After the presentation of evidence, LaPointe requested and was denied an instruction on the lesser- included offense of conspiracy to possess oxycodone. The district court held that conspiracy to possess was not a lesser-included offense of conspiracy to distribute in Count I of the indictment. The jury subsequently convicted LaPointe of both counts and sentenced him to 63 months' imprisonment on each count to be served concurrently. After filing several post-trial motions, which were denied, he now appeals.

## II. Lesser-Included Offense Instruction

LaPointe objects to the district court's decision to deny him a lesser-included offense instruction on Count I of the indictment. Where a proper request is made in the district court, we review a refusal to instruct on a lesser-included offense for abuse of discretion. *See United States v. Jones*, 403 F.3d 817, 821 (6th Cir. 2005). But if a defendant is entitled to such an instruction, "it is generally reversible error" not to give it. *United States v. Waldon*, 206 F.3d 597, 604 (6th Cir. 2000). A defendant is entitled to a lesser-included offense instruction if "(1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) the evidence would support a conviction on the lesser offense; and (4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser." *United States v. Colon*, 268 F.3d 367, 373 (6th Cir. 2001). Only the second and the third requirements are at issue in this case.

By denying a lesser-included offense instruction, a court forces the jury either to acquit the defendant or to find him or her guilty of the full offense. When not offered the so-called "third option," the jury is more likely to stretch to assign the defendant an "unwarranted conviction." *Beck v. Alabama*, 447 U.S. 625, 637 (1980) ("While we have never held that a defendant is entitled to a lesser included offense instruction as a matter of due process, the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard."). LaPointe was entitled to an instruction of conspiracy to possess and reverse.[1]

---

[1]Because we subsequently affirm LaPointe's conviction on Count II–with its attendant sentence of 63 months' imprisonment to be served concurrently–we have the discretion not to address LaPointe's objection to his conviction on Count I. Under the "concurrent sentencing doctrine," "an appellate court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction." *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). We choose not to exercise that discretion here, where it has not been asked for, because to do so would not advance judicial economy and would impede the resolution of a significant issue, discussed below, on which other circuits disagree. *See United States v. Greer*, 588 F.2d 1151, 1154 (6th Cir. 1978); *United States v. Maze*, 468 F.2d 529, 536 n.6 (6th Cir. 1972). Furthermore, his conviction on Count I may subject LaPointe to future "adverse collateral consequences," *United States v. Davis*, 547 F.3d 520, 529 (6th Cir. 2008), including "delay of eligibility for parole, a harsher sentence under a recidivist statute for any future offense, credibility impeachment, and societal stigma." *United States v. DeCarlo*, 434 F.3d 447, 457 (6th Cir. 2006).

A. The Elements of the Lesser Offense are Included Within the Greater

The district court denied LaPointe's request for an instruction because it found that "conspiracy to distribute" does not necessarily include "conspiracy to possess," *see Colon*, 268 F.3d at 376 ("[S]imple possession is not a lesser-included offense of distribution of a controlled substance."), and that, as a result, the requested instruction was not a lesser-included offense of Count I of the indictment.[2] But unlike *Colon*, Count I also charges LaPointe with "conspiracy to possess with intent to distribute." Every circuit to consider the issue agrees that conspiracy to possess is a lesser-included offense of conspiracy to possess with intent to distribute. *See e.g.*, *United States v. Boidi*, 568 F.3d 24, 28 (1st Cir. 2009) (Boudin, J.) ("[A] vertical 'conspiracy to possess drugs with intent to distribute' can easily be said to be a 'conspiracy to possess drugs' with one added element, namely, that the parties also had a shared aim that the possessed drugs then be distributed."). The district court disregarded these cases and stated simply that "[a]n offense can be charged conjunctively and proven disjunctively." *United States v. LaPointe*, 3:09-CR-141, 2010 WL 3957725, at *4 (E.D. Tenn. Oct. 7, 2010) (citing *United States v. McAuliffe*, 490 F.3d 526, 534 (6th Cir. 2007)).

Neither *McAuliffe* nor the principle it stands for speaks to the issue in this case. The government's right to charge in the conjunctive and prove in the disjunctive reflects the necessary discrepancies between indictments and jury instructions. Indictments must be phrased in the conjunctive so that society can be confident that the grand jury has found probable cause for all of the alternative theories that go forward. Juries, on the other hand, may convict a defendant on any theory contained in the indictment. As a result, judges read jury instructions in the disjunctive. This well-settled principle does not mean, nor should it, that a defendant must show that the desired instruction is a

---

[2]LaPointe notes that *United States v. Colon* only discusses simple possession and distribution rather than conspiracy to possess and conspiracy to distribute. But another unpublished Sixth Circuit case has already extended the holding of *Colon* to conspiracies. *See United States v. Fonseca*, 193 F. App'x 483, 493 (6th Cir. 2006). LaPointe asks us to ignore this "wrongly decided" case because it merely adopts *Colon*'s holding without considering the distinctive attributes of conspiracy instructions. We do not address this argument because the district court erred elsewhere in holding that, to be entitled to an instruction, the defendant must show that a proposed charge is a lesser-included offense of all theories enumerated in an indictment count.

lesser-included offense of all theories presented in an indictment count. Such a rule would place a greater burden on the defendant than we place on prosecutors who, at trial, must succeed on only one of an indictment's theories. *See United States v. Cornell*, 162 F. App'x 404, 415 (6th Cir. 2006).

Instead of weighing requested instructions against the words of the statute under which a defendant is ultimately judged, the district court's holding places unnecessary importance on the way the prosecution drafts and organizes the indictment. *See* FED. R. CRIM. P. 7(c)(1). This approach would permit prosecutors to preempt defendants' requests for lesser-included offense instructions by including multiple theories in each count of the indictment. It would also hinder appellate review. Because a jury does not typically have to announce under what theory it finds a defendant guilty, we cannot know whether LaPointe was convicted of conspiracy to distribute or of conspiracy to possess with intent to distribute. If the jury convicted him of the latter then his request for an instruction of conspiracy to possess was all the more reasonable because appellate courts nationwide agree that conspiracy to possess is a lesser-included offense of conspiracy to possess with intent to distribute. The district court erred in finding that elements of the lesser conspiracy were not a part of the greater.

## B. The Evidence at Trial Would Support a Conviction on the Lesser Offense

Next, the government argues that LaPointe cannot satisfy element three of the *Colon* test, namely, whether the "evidence would support a conviction on the lesser offense." 268 F.3d at 373. The district court did not address this argument. According to the government, no evidence supports a conviction for conspiracy to possess because there was no such conspiracy. The only conspiracy LaPointe could join was the one with Wallace, Kaman, and others to distribute drugs. At trial, the issue was whether or not he was a part of that distribution conspiracy. The defense never argued that LaPointe was part of a conspiracy designed solely to possess oxycodone.

The government's argument implies that a conspiracy may have only one objective rather than multiple. It takes sides in a circuit split–which, until today, this court has not weighed in on–and follows the holding of an unpublished opinion from the

Tenth Circuit.  *See United States v. Gilmore*, 438 F. App'x 654 (10th Cir. 2011).  Gilmore, who was convicted of conspiracy to distribute or to possess with intent to distribute, was denied a lesser-included offense instruction on conspiracy to possess because he did not try to show that all of the conspirators merely intended for him to possess drugs.  *See id.* at 657-58.  As in this case, defendant's co-conspirators were part of a conspiracy to distribute.  *See id.* at 658.  The dispute at trial was over Gilmore's role in that conspiracy.  *See id.*  The court concluded that he was essentially asking for an instruction on a "different, uncharged conspiracy, not a lesser included offense of the charged conspiracy."  *Id.*

The Tenth Circuit's approach contradicts the First Circuit's.  *See supra Boidi*, 568 F.3d at 27-29.  A jury convicted Boidi of conspiracy to possess drugs with intent to distribute.  On appeal, his conviction was reversed because he was not granted an instruction on conspiracy to possess.  *See id.* at 27.  The court of appeals rejected the argument that a defendant must demonstrate, with separate evidence, a separate group conspiring only to possess contraband.  *See id.*  It is well-established that a single conspiracy may have multiple objectives, including the violation of several criminal laws.  *See Ingram v. United States*, 360 U.S. 672, 679 (1959) (citing *United States v. Rabinowich*, 238 U.S. 78, 86 (1915)).  The correct question is whether there is "some core of facts that is common to the scenario that the government sought to prove and the one that the defendant claims to show only a lesser included offense."  *Id.* at 28.  Circumstances will sometimes require a defendant to produce new evidence demonstrating a separate conspiracy.  *See United States v. Garcia*, 27 F.3d 1009, 1015 (5th Cir. 1994) ("A defendant is not entitled to a lesser included offense instruction simply because he admits to committing a lesser offense at a different time with other persons.").  But in *Boidi* the same evidence could be used to support both the greater and the lesser conspiracies.  *See* 568 F.3d at 28.

In this case, if it had been presented with an instruction on conspiracy to possess, the jury would have looked at the same core facts as it did when convicting LaPointe of conspiracy to possess with intent to distribute.  The lesser conspiracy would have had

the same members–Wallace, Kaman, and LaPointe–and the same contraband–oxycodone–as the greater. *See id.* ("Whether one looks at the greater or lesser crime in this case, the conspirators and drugs sold to [defendant] are identical . . . ."). The only factual question differentiating the greater conspiracy from the lesser is whether LaPointe shared with his co-conspirators the intent to distribute the oxycodone. The evidence the government relied on to prove this final element, primarily recorded phone calls and co-conspirators' testimony, already "support[ed] a conviction on the lesser offense." *Colon*, 268 F.3d at 373. *See also Boidi*, 568 F.3d at 29 ("The witnesses that the government chose to prove the greater offense *are* the proof of the lesser included one.") (emphasis in the original).

We agree with the First Circuit. Under the theory of criminal liability for conspiracy, a group of individuals involved in a single conspiracy may have multiple objectives–say, robbery, embezzlement, drug trafficking, and murder. *See Ingram*, 360 U.S. at 679. A defendant may be convicted, with the same body of evidence, of joining the conspiracy as to all or merely some subset of the conspiracy's objectives. *See United States v. Atehortva*, 17 F.3d 546, 552 (2d Cir. 1994). The prosecution must separately prove a defendant's intention to join each objective of the conspiracy. *See United States v. Warman*, 578 F.3d 320, 333 (6th Cir. 2009) ("the [government] must prove that [the defendant] was aware of the objects of the conspiracy, and that he voluntarily associated himself with it to further its objectives.") (quoting *United States v. Gibbs*, 182 F.3d 408, 421 (6th Cir. 1999)). It may not simply show a defendant's membership in a conspiracy and then, without more, assign him or her guilt for all of the conspiracy's substantive objectives. Instructions on lesser-included offenses ensure that the prosecution satisfies its burden by listing for the jury all of the possible objectives of the conspiracy. Because common evidence supports both possible criminal objectives of the conspiracy in this case, the court should have granted the instruction and forced the prosecution to demonstrate exactly to what LaPointe agreed.

Although the government does not challenge *Colon*'s fourth requirement for entitlement to a lesser-included offense charge, it is in any event satisfied here.

*See Colon*, 268 F.3d at 373 ("[T]he proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser."). A properly-instructed jury could rationally acquit LaPointe of conspiracy to possess with intent to distribute while convicting him of conspiracy to possess. A jury could find that Wallace and Kaman intended for LaPointe to possess oxycodone and that he shared that intent. Many of the government's phone conversations demonstrated this joint, unlawful objective. The government's witnesses also testified that the conspirators successfully accomplished this goal and LaPointe did indeed possess oxycodone. That a subset of the conspirators also possessed a further desire that LaPointe distribute oxycodone does not invalidate their shared intent that he first possess the drugs. To hold otherwise would be inconsistent with the common-law rule of leniency and would unreasonably require defendants to contest their co-conspirators' subjective intent simply to receive a lesser-included offense instruction. Here, a jury could find that there was a conspiracy among Wallace, Kaman, and LaPointe with the shared objective of putting LaPointe in possession of oxycodone.[3] *See United States v. Yang*, 281 F.3d 534, 544 (6th Cir. 2002) ("It is the mutual understanding or agreement itself that is criminal . . . .").

This result is appropriate because there is conflicting evidence of LaPointe's participation in the conspiracy to possess with intent to distribute, which the jury should evaluate in light of the lesser-included instruction. LaPointe's co-conspirators clearly intended for him to distribute the oxycodone. But the evidence proving whether or not he shared or acted upon this further intent is contested. *See Boidi*, 568 F.3d at 30 ("'intent to distribute' had to reflect not only awareness but an agreed purpose of both a dealer and [the defendant]."). LaPointe's co-conspirators claimed to have seen him give oxycodone to his girlfriend and her sister; however, LaPointe claims to have tricked

---

[3]The government also observes that LaPointe is not entitled to an instruction on conspiracy to possess because he alleges only a simple buyer-seller relationship, which does not establish a conspiracy. *See United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003) (citing *United States v. Anderson*, 89 F.3d 1306, 1310 (6th Cir.1996)). However, LaPointe's admitted involvement in the conspiracy surpassed the simple buyer-seller relationship. Were a jury to accept his testimony as true, LaPointe admits going along with the conspiracy in an effort to obtain the drugs and thus tricking his co-conspirators. This goes far beyond the simple street-dealer relationship contemplated by *Brown* and its progeny.

his co-conspirators into fronting him the pills on credit to feed his addiction. LaPointe may never have had the intent to distribute. The jurors should be given a chance to weigh the credibility of this testimony again with a full slate of options available to them.

A common core of facts would have been probative on both the greater and the lesser-included conspiracy. As a result, the cost to the district court of granting LaPointe's request for a lesser-included instruction was minimal. Given the conflicting evidence, an instruction on conspiracy to possess would have protected against the danger that the jury stretched for a conviction. Under these circumstances, it was error to refuse LaPointe's request for a lesser-included offense instruction. The conviction on Count I of the indictment is reversed and remanded for a new trial.

### III. Sufficiency of the Evidence

On Count II of the indictment, attempted possession of oxycodone with intent to distribute, LaPointe claims that there was not sufficient evidence that he took a "substantial step" towards the commission of the crime. The district court disagreed. *See LaPointe*, 2010 WL 3957725, at *2-3. "When appeal is taken from a criminal conviction on the grounds that the evidence is insufficient to support the conviction, the reviewing court determines 'whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Pennyman*, 889 F.2d 104, 106 (6th Cir. 1989) (quoting *United States v. Gallo*, 763 F.2d 1504, 1518 (6th Cir. 1985)). We reverse a conviction for insufficiency of the evidence only if it is not supported by substantial and competent evidence, whether direct or wholly circumstantial, upon the record as a whole. *See United States v. Beddow*, 957 F.2d 1330, 1334 (6th Cir. 1992). "[A] defendant claiming 'insufficiency of the evidence bears a very heavy burden.'" *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) (quoting *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir.1986)).

LaPointe argues that there was insufficient evidence because he only agreed to receive the package of oxycodone pills and was arrested at home before he could take any "substantial step" towards commission. *See United States v. Shelton*, 30 F.3d 702, 705 (6th Cir. 1994) ("To prove an attempt, the government must show a defendant's intent to commit the proscribed criminal conduct together with the commission of an act that constitutes a substantial step towards commission of the proscribed criminal activity.") (citations omitted). Demonstrating a "substantial step" does not require a physical act; a defendant's words alone can be "a substantial step." *See United States v. Burns*, 298 F.3d 523, 539 (6th Cir. 2002) (recorded conversations between defendant and third parties "constituted a substantial step toward the completion of the offense."); *United States v. Bilderbeck*, 163 F.3d 971, 975 (6th Cir. 1999) ("[W]hen a defendant engages in active negotiations to purchase drugs, he has committed the 'substantial step' towards the crime of possession required to convict him of attempted possession.").

During his conversations with Wallace, LaPointe went beyond simply agreeing to participate and actively facilitated the attempted crime by suggesting a delivery location for the drugs, repeatedly providing his business address, instructing Wallace on how to list the package's recipient, and volunteering to be at his office when the package arrived. A rational juror could find that these conversations constituted a "substantial step" sufficient to "corroborate the firmness" of LaPointe's intent to possess oxycodone with intent to distribute. *Bilderbeck*, 163 F.3d at 975. The police did not need to wait until LaPointe left his house before arresting him. We affirm the district court's conclusion on this issue.

Accordingly the judgment of the district court on Count II is affirmed and the judgment on Count I is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.