NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0065n.06

Case No. 19-5998

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Feb 02, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| PATSY WARDLE, | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| | ) | |

Before: BATCHELDER, STRANCH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Patsy Wardle distributed and conspired to distribute oxycodone. She and a network of distributors, including Shannon Allen, received drugs from Malik Chapman, who sold directly to Allen. Allen then sold large amounts of oxycodone to Wardle and others who then themselves distributed it. Allen would also sometimes buy from Wardle when he was running low. After police arrested Allen, his girlfriend, Bianca Pennington, delivered Chapman's oxycodone to Wardle.

Wardle's coconspirators pled guilty. Wardle did not. At her trial, Pennington and Allen both testified about Wardle's active role in the conspiracy. A jury convicted her of three offenses: distributing oxycodone on February 16, 2018; distributing oxycodone on March 7, 2018; and conspiring to distribute oxycodone from about January 2017 to May 2018. The district court sentenced her to 148 months in prison, just below the Guidelines range.

On appeal she asks us to vacate her convictions, claiming the district court 1) improperly refused to provide a lesser-included-offense instruction and 2) violated her right to a fair trial by admitting prejudicial evidence of unrelated crimes. Alternatively, she requests that we vacate her sentence because the district court allegedly violated Federal Rule of Criminal Procedure 32 and 18 U.S.C. § 3553(a) at sentencing. We **AFFIRM**.

I.

The government charged Wardle with distribution and conspiracy to distribute. But Wardle requested that the court also give the jury a simple-possession instruction, an allegedly lesser-included offense of distribution. This would have allowed the jury to convict her of a less serious crime with lower penalties. The district court denied her request. And she claims that denial was a reversible error. We disagree.

"A defendant is entitled to an instruction on a lesser-included offense if," among other things, "the elements of the lesser offense are identical to part of the elements of the greater offense." *United States v. Rankin*, 929 F.3d 399, 406 (6th Cir. 2019) (quoting *United States v. Jones*, 403 F.3d 817, 821-22 (6th Cir. 2005)). But "[w]here the lesser offense requires an element not required for the greater offense," the court should not give a lesser-included offense instruction. *Id.* at 407 (quoting *United States v. Waldon*, 206 F.3d 597, 605 (6th Cir. 2000)). That is the case here. We have already said that "simple possession is not a lesser-included offense of distribution of a controlled substance" because someone can commit "the crime of distribution . . . without actually possessing [a] controlled substance." *United States v. Colon*, 268 F.3d 367, 376-77 (6th

Cir. 2001). So the district court's refusal to give the simple-possession instruction was not erroneous.[1]

## II.

Wardle also asks us to reverse her convictions because the jury heard allegedly prejudicial evidence of unrelated crimes. She claims this violated Federal Rule of Evidence 404(b) and deprived her of a fair trial. She complains about three pieces of evidence: 1) Pennington's testimony that she regularly bought oxycodone from Wardle in 2010 and 2011; 2) Pennington's testimony that she sold for Wardle in 2015; and 3) Allen's testimony that he started selling to Wardle in 2014. Wardle did not object to this evidence at trial, so we review for plain error. *United States v. Henderson*, 626 F.3d 326, 338 (6th Cir. 2010).

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But it "may be admissible for another purpose." *Id.* If a prosecutor intends to use bad-acts evidence for some other purpose, she must "provide reasonable notice" to the defense. *Id.* at 404(b)(3).

Rule 404(b), however, does not apply to "background evidence"—acts that have "a causal, temporal or spatial connection with the charged offense." *United States v. Hardy*, 228 F.3d 745,

---

[1] At trial, Wardle only requested the possession instruction as an alternative to the distribution charge. On appeal, she also appears to assert that possession is a lesser-included offense of conspiracy to distribute. But like her argument below, this new argument also fails. Wardle was charged with conspiracy to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1), 846. Discussing a charge under the same statutes, we held in *Colon* that "simple possession is not a lesser-included offense of conspiracy to distribute and possess with intent to distribute." 268 F.3d at 375–76. That conclusion defeats Wardle's new argument. We note, though, that her charge should not be confused with "conspiracy to possess with intent to distribute," for which "conspiracy to possess" *is* a lesser included offense. *United States v. LaPointe*, 690 F.3d 434, 440 (6th Cir. 2012) (citing *Colon*, 268 F.3d at 376).

748 (6th Cir. 2000). This evidence is often "a prelude to the charged offense, . . . forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.* But we have stressed that the "background circumstances exception" is limited. *Id.* It only reaches "other acts that are inextricably intertwined with the charged offense or" are "necessary to complete the story of the charged offense." *Id.*

Wardle and the government dispute whether this exception applies to the testimony here. Wardle argues the evidence "was unnecessary to attempt to prove the counts of conviction" and "the jury would [not] have been 'lost' without" it. (Appellant Reply Br. at 5.) The government contends that Pennington's sales for Wardle in 2015 showed either that the conspiracy started before 2017 or, "at the very least, the trio's pre-2017 drug trafficking" qualifies as "a prelude to the charged evidence." (Appellee Br. at 23-24.) And it argues that Pennington's testimony about 2010 and 2011 purchases from Wardle "provides critical background information that completes the story of Pennington's testimony." (*Id.* at 24.)

Both parties make some fair points. But we decline to reach the merits of this issue. Even assuming error, the error was harmless. *See Hardy*, 228 F.3d at 751 (affirming because the trial court's 404(b) error was harmless). The evidence of guilt was overwhelming. Police officers testified that they had seen Chapman and Pennington make what looked like drug deliveries to Wardle's home. They had seen coconspirators visit her residence. They conducted two recorded controlled buys in which coconspirators went to Wardle's home to get drugs. And when they searched Wardle's home, they found both drugs and multiple firearms. Wardle's coconspirators confirmed Wardle's involvement in the conspiracy and distribution. Chapman testified that he was Allen's supplier and sometimes traveled to Wardle's with Allen. Allen testified that he supplied Wardle with oxycodone and would buy from her when he was running short. Pennington

confirmed that Allen had a back-and-forth trade arrangement with Wardle. And she also testified that she occasionally sold to Wardle herself. Other witnesses testified that they were Wardle's customers. Given this overwhelming evidence, the three statements Wardle challenges could not have "substantially swayed" the jury's verdict. *Hardy*, 228 F.3d at 751. Wardle's argument fails, and her conviction stands.

### III.

Finally, Wardle asks for resentencing, asserting violations of Federal Rule of Criminal Procedure 32 and 18 U.S.C. § 3553(a). We review for plain error because she did not make these arguments below. *United States v. Tate*, 516 F.3d 459, 465–66 (6th Cir.2008); *United States v. Bailey*, 488 F.3d 363, 367 (6th Cir. 2007). Under this standard, Wardle must show that a clear error affected her substantial rights and seriously impacted the "fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). An error affects substantial rights when it affects the outcome of the proceedings. *Id.* Wardle fails to carry this burden.

### A.

Rule 32(i)(1)(A) requires the sentencing court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Wardle asserts that the district court failed to do so. But the record does not support her assertion—when the court asked Wardle's attorney "have *you all* received and reviewed the presentence report," he answered: "*We* have." (R. 348, PageID 1678 (emphases added).)

And regardless, Wardle never explains how any alleged error affected the outcome of her sentencing hearing. So even assuming error, she has not shown that it affected her substantial rights. *See United States v. Burleson*, 419 F. App'x 649, 651–52 (6th Cir. 2011) (rejecting rule

32(i)(1)(A) argument because the defendant did "not allege how this may have affected the outcome of her sentencing" by, for example, "disput[ing] the facts presented in the PSR or otherwise alleg[ing] that she was sentenced based on inaccurate information").

B.

Her argument under 18 U.S.C. § 3553(a) also fails. Section 3553(a) lists factors that a court "shall" consider in sentencing. They include "the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, deter criminal conduct, protect the public, and provide the defendant appropriate treatment; sentencing ranges and other considerations set forth by pertinent Guidelines or policy statements; avoiding unwarranted sentencing disparities; and providing restitution to victims." *United States v. King*, 914 F.3d 1021, 1025 n.2 (6th Cir. 2019). Failure to consider the factors is procedural error. *United States v. Cabrera*, 811 F.3d 801, 809 (6th Cir. 2016).

Wardle claims that there was procedural error because 1) "the district court did not even pay lip service to the 18 U.S.C. § 3553(a) factors," and 2) "there is no indication that the district court considered any . . . 3553(a) factor" besides "the nature and circumstances of the offense." (Appellant Br. at 16-17.) But "the district court need not explicitly reference each of the section 3553(a) factors." *United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006). A "rote listing" is not required. *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006). There just needs to be enough in the record to show that the court considered them. *McBride*, 434 F.3d at 475 n.3. "The district judge is only under a more rigorous duty to make explicit its consideration of the

6

factors when a defendant makes a particular argument . . . [or] a factor is particularly relevant."[2] *United States v. Simmons*, 501 F.3d 620, 625 (6th Cir. 2007).

Wardle's argument fails; the record shows that the district court appropriately considered the sentencing factors and her arguments. At sentencing, Wardle argued she had played a minimal role in the conspiracy and had issues with substance abuse—arguments going to § 3553(a) factors relating to the nature and seriousness of the offenses as well as the defendant's characteristics and possible need for treatment. The government disputed these claims. It pointed to the evidence of large repeat drug transactions, including drugs seized at Wardle's home and her storage of firearms close to those drugs. And it argued that the evidence showed Wardle's crimes were motivated by greed rather than a personal struggle with substance abuse.

With the benefit of this back and forth, the district court rejected Wardle's arguments and explained its sentencing decision. It stated that "[t]he testimony at trial was convincing" and had showed that Wardle "had an active and intentional role in distribution" and was "right in the thick of" the drug conspiracy. (R. 348, PageID 1686.) It referenced the presentence report paragraphs detailing the search of Wardle's home where police had found drugs, scales, and multiple guns, concluding that "[t]his is the kind of thing that suggests long-standing, fairly large-scale drug distribution." (*Id*.) Turning to addiction, the court found that "there is no evidence" of "significant drug addiction," setting Wardle apart from "many of the desperate addicts . . . involved in this case." (*Id.*) And it then concluded that a slightly below-Guidelines 148-month sentence was appropriate.

---

[2] We note, however, that "[e]xplicit reference to the § 3553(a) factors is perhaps the easiest way for the district court to demonstrate that it has considered" them. *United States v. Smith*, 505 F.3d 463, 468 (6th Cir. 2007).

Read in the context of the arguments at sentencing, these statements show that the court considered the nature and seriousness of the offense as well as Wardle's personal characteristics, including whether addiction problems should impact sentencing—§ 3553(a) factors. The court also considered Wardle's punishment in relation to other drug cases in which addiction was at play, suggesting that it considered the need to avoid unwarranted disparities in sentences—a § 3553(a) factor. And the court also looked to the sentencing guidelines in imposing an appropriate sentence—yet another § 3553(a) factor. So the record undercuts Wardle's argument that "there is no indication that the district court considered any . . . 3553(a) factor" besides "the nature and circumstances of the offense." (Appellant Br. at 16-17.) Rather, the record shows that the district court considered the applicable factors and addressed Wardle's arguments. Wardle is not entitled to resentencing.

IV.

We **AFFIRM**.