**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0569n.06

Case No. 19-2065

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | | **FILED** |
| | | Oct 06, 2020 |
| UNITED STATES OF AMERICA, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JEREMIAH CHEFF, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, DONALD, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Jeremiah Cheff appeals from a jury verdict convicting him of sixty-four violations of the tax code. We affirm.

I.

Jeremiah Cheff and his wife owned a series of adult foster-care homes in Michigan. They employed around thirty people across five distinct businesses. Like most employers, they withheld payroll taxes from their employees' paychecks. Unlike most employers, they pocketed the money.

The Cheffs kept this up for about four years, racking up over $250,000 in unpaid payroll taxes and missing sixty deadlines for filing tax returns. The IRS requested the delinquent payments and returns, and at one point the Cheffs sent a promissory note masquerading as a check and claimed that the note satisfied their tax obligations. While the Cheffs did not make any payments

toward the tax debt until after their indictment, the IRS occasionally credited the outstanding balance with refunds it would have paid Cheff for prior personal income tax payments.

The IRS filed notices of tax liens against some of their properties and later referred the matter to its criminal division. Eventually, Jeremiah Cheff also stopped filing personal tax returns—all in all, he missed three years of required income tax filings.

A grand jury indicted the Cheffs in October 2016. A few months later, Jeremiah Cheff made one $43,000 payment, which the IRS allocated to some of his payroll tax liabilities.

Shortly after being indicted, Cheff's wife pled guilty. But Jeremiah Cheff went to trial on sixty-four counts: sixty counts of failure to account for and pay payroll taxes, one count of obstruction for having attempted to pay off the tax debt with a fake financial instrument, and three counts of failure to file an income tax return. *See* 26 U.S.C. § 7202 (failure to account for and pay payroll taxes); *id.* § 7212(a) (obstruction of administration of internal revenue laws); *id.* § 7203 (failure to file personal tax returns). A jury convicted Cheff on all sixty-four counts, and the district court sentenced him to twenty-seven months in prison. Cheff appealed.

II.

Cheff makes five arguments on appeal. He says the trial court erred in: (1) not dismissing the charges for failure to file personal tax returns because the charges were unconstitutionally vague; (2) denying Cheff's motion for a directed verdict; (3) excluding evidence about his intent; (4) excluding evidence of the post-indictment payments, only to allow them later at trial; and (5) failing to instruct the jury on a lesser included offense. We consider each in turn.

*Sufficiency of indictment.* Cheff argues that the counts charging him with failure to file personal tax returns were unconstitutionally vague. But the indictment provided the elements of

the offense and informed him of the years he failed to file his personal tax returns (2013–2015). Nothing more was required. *See United States v. Rankin*, 929 F.3d 399, 404–05 (6th Cir. 2019).

*Directed verdict.* Cheff next argues that the district court erred in denying his motion for a directed verdict. The question, which we review de novo, is whether "any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *United States v. Howard*, 947 F.3d 936, 947 (6th Cir. 2020). At trial, Cheff offered no specific argument in support of the motion and said only that the government had failed to make its case. But he abandons this argument on appeal and instead claims the IRS liens on his property negated some of the elements.

Cheff puts forward two theories: (1) the liens constituted payment to the IRS, so he had already satisfied his tax obligations, and (2) he thought the liens did, so even if he was wrong, his actions were not willful. Neither theory is tenable. For starters, tax liens are not payments. *See United States v. Davis*, 815 F.3d 253, 257 (6th Cir. 2016) (describing how the IRS enforces a lien and gets paid after the property is sold). And Cheff's belief to the contrary does not undermine his willfulness. First, the IRS filed the notices of tax liens well after Cheff had begun his pattern of tax evasion; indeed, his failure to comply with the tax code prompted the lien filings. Liens created *after* Cheff's criminal conduct could not have affected his state of mind at the time of these *earlier* crimes. Second, there is no evidence in the record that Cheff understood the liens to have satisfied his tax obligations—either the preexisting ones or those he would incur in the future. The district court did not err in denying this motion.

*Evidence of intent.* Cheff's third argument is that the district court abused its discretion by preventing him from presenting evidence relevant to his misunderstanding of the law. The district court required Cheff to lay a proper foundation showing that he actually relied on any materials he

wanted to introduce. The district court was right to do so: the materials are not relevant if Cheff did not actually rely on them, and Cheff bore the burden of laying that foundation. *See United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005). Cheff chose not to testify and did not attempt to introduce any of this evidence. In short, Cheff's right not to testify does not "free[] [him] from adducing proof in support of a burden which would otherwise have been his." *United States v. Rylander*, 460 U.S. 752, 758 (1983).

*Evidence of post-indictment payment.* Next, Cheff argues that the district court erred by first excluding—and then ultimately allowing—evidence that he had made a payment to the IRS after his indictment. The court granted the government's pretrial motion to exclude this evidence. But Cheff's lawyer defied that ruling by asking an IRS employee during cross-examination whether Cheff had made any untimely payments toward his account. The court instructed the jury not to consider the question or the employee's subsequent answer.

The next day, the government asked the court if it could introduce testimony about the post-indictment payments to explain that the credits appearing on Cheff's IRS transcripts did not result from any payments Cheff had made. Cheff's lawyer did not object, but he did ask the judge to tell the jury that the lawyer had not acted inappropriately by asking the question about post-indictment payments in the first place. The judge agreed: He granted the motion and made the requested statement to the jury the next day. Cheff contends that the district court erred twice: first by excluding the evidence before trial, and again by changing its ruling during trial.

These arguments are both wrong. To start, the district court had discretion to admit or exclude evidence of the post-indictment payment; neither choice would have been an abuse of discretion. Second, Cheff was not prejudiced by the change. He says the district court's original instruction to the jury to disregard his lawyer's question and the witness's answer might have left

the jury with a negative impression of the lawyer. Maybe so, but the blame for defense counsel's defiance can hardly rest with the court. And that's especially true here. When the court decided to admit the evidence, it explained to the jury that no one had done anything wrong: "I have made the decision that this is information that I think it is appropriate for you to have and I want you to understand there was nothing inappropriate at the time and there was nothing inappropriate today . . . ." R. 143, Pg. ID 1432. That was charitable—it *was* inappropriate for Cheff's lawyer to break the rules. The court's decision to allow the evidence in, and its accompanying statement to the jury, put Cheff in a *better* position than before.

*Lesser included offense.* Cheff's final argument is that he was entitled to a lesser-included-offense instruction on the payroll-tax charges. The district court did not abuse its discretion in rejecting the request. *United States v. Colon*, 268 F.3d 367, 373 (6th Cir. 2001) (standard of review). A defendant is not entitled to an instruction on a lesser included offense whose elements are not "identical to part of the elements of the greater offense." *Rankin*, 929 F.3d at 406. Cheff was charged with the failure to account for and pay payroll taxes under 26 U.S.C. § 7202. He requested an instruction on the "lesser offense" of filing fraudulent returns, statements, or documents under 26 U.S.C. § 7207. The elements of the former crime are (1) failure to "collect or truthfully account for and pay over" a tax (2) required by the U.S. tax code (3) with willful intent. *Id.* § 7202. The latter requires (1) filing a document (2) known to be false or fraudulent (3) in a material matter (4) with willful intent. *Sansone v. United States*, 380 U.S. 343, 352 (1965). The only element those crimes share is willfulness. No lesser-included-offense instruction was appropriate.

We affirm.